**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1298**

_____

MICHAEL BUMGARDNER; WILLIAM PENNINGTON; JOHN WOOD; MARJORIE WOOD,

                Intervenors - Appellants,

      v.

JACK BOOTHE, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff - Appellee,

NORTHSTAR REALTY FINANCE CORP.; DAVID T. HAMAMOTO; JUDITH A. HANNAWAY; WESLEY D. MINAMI; LOUIS J. PAGLIA; GREGORY RUSH; CHARLES W. SCHOENHERR,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cv-03742-JKB)

_____

Submitted: February 27, 2020                Decided: March 24, 2020

_____

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Patrick C. Smith, DEHAY & ELLISTON, Baltimore, Maryland; Thomas L. Laughlin, IV, Rhiana L. Swartz, Randy Moonan, SCOTT+SCOTT ATTORNEYS AT LAW LLP, New

York, New York; Stephen Oddo, ROBBINS ARROYO LLP, San Diego, California, for Appellants. Abby F. Rudzin, New York, New York, Daniel M. Petrocelli, Matthew W. Close, O'MELVENY & MYERS LLP, Los Angeles, California; Andrew Gendron, Elizabeth C Rinehart, VENABLE LLP, Baltimore, Maryland; James M. Wilson, Jr., FARUQI & FARUQI, New York, New York; Yelena Trepetin, BROWER PIVEN, Stevenson, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bumgardner, William Pennington, John Wood, and Marjorie Wood (collectively, "Intervenors") appeal the district court's order denying their motion to intervene and for relief from judgment in a closed class action lawsuit.

We review for abuse of discretion the district court's denial of a motion to intervene. *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). Here, Intervenors moved for intervention of right, pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternative, permissive intervention, pursuant to Fed. R. Civ. P. 24(b)(1)(B). For either type of intervention, the motion must be timely. *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). When determining the timeliness of a motion to intervene, "a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Id.* We conclude that the district court assessed the relevant factors and did not abuse its discretion in denying as untimely Intervenors' motion to intervene.[*] Moreover, because it denied intervention, the court also properly denied Intervenors' motion for relief from judgment.

---

[*] In light of this conclusion, we decline to address the district court's alternative finding that Intervenors' interests were adequately represented by the existing parties.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4